[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11778

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 19, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00007-CV-CAR-5

MARZETTA DENNIS,

Plaintiff-Appellant,

versus

PUTNAM COUNTY BOARD OF EDUCATION, et al.,

Defendants,

WILLIAM GILBERT,
individually and in his official capacity as
Putnam County
Head Start Director,
GEORGIA SMITH,
individually and in her official capacity as
Chairman
of Putnam County Head Start Policy Council,
PUTNAM COUNTY SCHOOL DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

**(December 19, 2007)**

Before EDMONDSON, Chief Judge, WILSON, Circuit Judge, and MARTINEZ,[*] District Judge.

PER CURIAM:

Marzetta Dennis appeals, pro se, the district court's grant of summary judgment in favor of defendants in her First Amendment retaliation suit filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, we affirm.

**BACKGROUND**

Dennis began working as the fiscal officer for the Putnam County School District Head Start program ("Head Start") in July 2002. In March 2003, Dennis disseminated a letter alleging financial improprieties involving Head Start's director, Defendant William Gilbert. The Head Start Policy Council ("Policy Council") then met on multiple occasions to consider Dennis's allegations. Dennis alleged in her complaint that the Policy Council, of which Defendant Georgia Smith was a member, terminated her employment as fiscal officer because of the

---

[*] Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida, sitting by designation.

letter. Smith asserts that the Policy Council terminated Dennis based on a falsified travel voucher and the Policy Council's conclusion that Dennis's accusations against Gilbert were false.

The Putnam County Board of Education ("Board") later determined that the termination of Dennis was improper and placed Dennis in a secretarial position at the Board's office. In September 2003, the Board Superintendent asked Dennis and her predecessor in the fiscal officer position, Gayle Tidwell, to prepare confidential lists of concerns about Head Start. Dennis obtained a copy of Tidwell's list and gave it, along with her list, to a former Policy Council member who had become a county commissioner. In response, the Board suspended Dennis, and Dennis subsequently resigned.

Dennis claimed in her § 1983 action that both the firing after she disseminated the letter and the suspension after she gave the information to the county commissioner violated her First Amendment right to freedom of speech. Applying the Supreme Court's recent decision in *Garcetti v. Ceballos*, — U.S. —, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006), the district court concluded that Dennis's claims failed as a matter of law because she made the disclosures within the scope of her employment as fiscal officer. Accordingly, the court entered summary judgment for the defendants. Dennis filed a timely notice of appeal.

3

**STANDARD OF REVIEW**

We review a district court's grant of summary judgment de novo. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).

**DISCUSSION**

The Supreme Court explained in *Garcetti* that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 126 S. Ct. at 1960. The Court also advised that the inquiry as to the scope of an employee's official duties "is a practical one." *Id*. at 1961.

We agree with the district court's determination that reporting financial mismanagement was one of Dennis's responsibilities as Head Start's fiscal officer. Accordingly, the First Amendment does not protect the letter that Dennis disseminated in March 2003 in her capacity as fiscal officer. Dennis's disclosure of the lists in September 2003, however, requires separate analysis.

The district court did not acknowledge that Dennis was not Head Start's fiscal officer when she gave the lists of concerns to the county commissioner. Nevertheless, even if Dennis was not acting pursuant to her official duties when she disclosed the lists, she must satisfy the test that the Supreme Court established

4

in *Pickering v. Board of Education*, 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968). The first inquiry under *Pickering* is whether the employee spoke as a citizen on a matter of public concern. *Garcetti*, 126 S. Ct. at 1958. We hold that Dennis did not, as a matter of law, speak as a citizen on a matter of public concern when she disclosed the lists.

Accordingly, because the First Amendment does not protect either of Dennis's disclosures, we affirm.

**AFFIRMED.**